UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REYNALDO RIVERA-CRUZ, | ) | Case No.: 4:14 CV 656 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| J. COAKLEY, WARDEN, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

*Pro se* Petitioner Reynaldo Rivera-Cruz filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in FCI-Elkton, having been convicted in the United States District Court for the Middle District of Pennsylvania in 2006 on charges of possession with intent to distribute cocaine. Petitioner asks this Court to vacate his sentence and impose a new sentence that does not take his prior conviction into consideration.

Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). The Motion is granted.

**I. Background**

The Petition is very brief. Petitioner was charged with possession with intent to distribute cocaine on February 2, 2006 in the United States District Court for the Western District of Pennsylvania. *See United States v. Rivera-Cruz*, No. 1:06-cr-0043 (W.D. Pa. filed Feb. 2. 2006). He entered into a plea agreement that same day and pled guilty to the information on February 8,

2006. He was sentenced to 188 months imprisonment and three years of supervised release on March 19, 2010. He filed an appeal of his conviction and sentence to the United States Third Circuit Court of Appeals. His conviction and sentence were upheld on November 12, 2010.

Petitioner alleges that at his sentencing, the Western District of Pennsylvania took into consideration his 1991 state conviction for possession with intent to deliver cocaine, for which he received a sentence of five months in prison. He requests, without explanation, that this Court vacate his sentence and "reimpose a sentence without a career criminal history." (Doc. 1 at 3).

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, petitions under 28 U.S.C. § 2241 may only be used by federal prisoners seeking to challenge the execution of their sentences or manner in which their sentences are served. *Capaldi*

*v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2255 does contain a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, *see e.g., In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986), or because the petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

To fall within any arguable construction of the savings clause, a petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated

declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

### III. Analysis

Petitioner is clearly challenging the imposition of his sentence. He therefore cannot assert these claims in a § 2241 petition unless he demonstrates that the "safety valve" provision of 28 U.S.C. § 2255 is applicable to his case. He must show that an intervening change in the law renders him actually innocent of the crime of which he was convicted.

Petitioner claims two cases, *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) provide a "new rule," to be applied retroactively, that entitles him to be resentenced to a shorter prison term. He appears to assert that since he did not receive a sentence exceeding one year on his previous state court conviction, that conviction cannot be considered as part of his criminal history, and he is entitled to a reduction in his sentence. Neither case, however, stands for that proposition nor renders him actually innocent.

In *Carachuri-Rosendo*, the defendant was a lawful permanent resident of the United States,

facing deportation after committing two misdemeanor drug offenses in Texas. Texas law, like federal law, authorized a sentencing enhancement if the State proved that petitioner had been previously convicted of a similar offense. Texas, however, did not seek such an enhancement. After the second misdemeanor conviction, the Federal Government initiated removal proceedings. Under federal immigration law, an alien who has "been convicted of a violation of ... any law ... of a State ... relating to a controlled substance" is removable. See Immigration and Nationality Act (INA), 66 Stat. 163, as amended, 8 U.S.C. 1101 et seq., 8 U.S.C. 1227(a)(2)(B)(I). However, an alien may seek discretionary cancellation of removal, if, among other things, he has not been convicted of an aggravated felony. See 8 U.S.C. § 1229b(a)(3). An "aggravated felony" for immigration law purposes includes a state drug offense that is punishable by a term of imprisonment for more than one year, regardless of whether the offense was classified as a misdemeanor under state law. *Carachuri–Rosendo*, 560 U.S. at 563-64.

Conceding he was removable based on his controlled-substance convictions, Carachuri-Rosendo argued he was eligible for discretionary relief from removal under 8 U.S.C. § 1229b(a) because his second Texas possession conviction had not been based on his prior conviction, and therefore did not receive the sentence enhancement. Consequently, he insisted the second conviction was not an "aggravated felony." The Supreme Court identified the issue as whether "the mere possibility, no matter how remote, that a 2–year sentence might have been imposed in a federal trial is a sufficient basis for concluding that a state misdemeanant who was not charged as a recidivist has been 'convicted' of an 'aggravated felony' within the meaning of § 1229b(a)(3)." *Carachuri–Rosendo*, 560 U.S. at 570. The Court ruled in favor of Carachuri–Rosendo, concluding that a defendant who has been convicted in state court for a subsequent simple drug possession

5

offense, which was not enhanced based on the fact of a prior conviction, had not been convicted of an aggravated felony under § 1101(a)(43), so as to disqualify him for cancellation of removal. *Id*. at 581-82.

In a subsequent *en banc* decision in *United States v. Simmons*, the Fourth Circuit applied *Carachuri–Rosendo* and held that the defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was not a predicate felony conviction under 21 U.S.C. § 841(b) of the Controlled Substances Act. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In reaching its decision, the court rejected the Government's reliance on a hypothetical enhancement of the defendant's prior sentence because the state sentencing court never made the findings necessary to expose the defendant to a higher felony sentence:

> As in *Carachuri*, the 'mere possibility that [Simmons's] conduct, coupled with facts outside the record of conviction, could have authorized a conviction of a crime punishable by more than one year's imprisonment cannot and does not demonstrate that Simmons was actually convicted of such a crime.

*Id.* at 244-45. Consequently, the court determined that the defendant was not subject to a ten-year mandatory minimum sentence under the Controlled Substances Act.

As an initial matter, Petitioner is objecting to the consideration of his state court misdemeanor in his sentencing for his federal drug offense. Neither case cited by Petitioner bars federal district courts from considering state court misdemeanors as part of a defendant's criminal history. The cases only apply when a state court misdemeanor is construed as a "felony" for federal sentencing purposes, based on the amount of time the defendant could have, but did not receive for the misdemeanor. Absent a suggestion that his misdemeanor conviction was construed as a felony for sentencing enhancement purposes, neither *Carachuri–Rosendo* nor *Simmons* are applicable.

Furthermore, neither *Carachuri–Rosendo* nor *Simmons* have any bearing on whether Petitioner is actually innocent of a crime. These cases merely limit the potential punishment the sentencing court may impose. *Stevens v. Farley*, No. 1:11CV2260, 2012 WL 1669847, at *4 (N.D. Ohio May 14, 2012). Claims of sentencing errors do not support a finding of actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (holding *Apprendi* could not be basis for actual innocence claim); *United States v. Peterman*, 249 F.3d 458 (6th Cir.2001); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013)(finding *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it"). The savings clause does not apply here, and Petitioner cannot assert these claims in a §2241 petition.

## V. Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: June 30, 2014

/S/   Solomon Oliver, Jr.
CHIEF JUDGE
UNITED STATES DISTRICT COURT